IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LORENZOE L. WILSON # 33138, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:26-cv-00429 |
| v. | ) | |
| | ) | Judge Richardson |
| SHERIFF JOHN FUSON, *et al.*, | ) | Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Lorenzoe L. Wilson, an inmate of the Montgomery County Jail in Clarksville, Tennessee, filed a pro se Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion for Temporary Restraining Order (Doc. No. 7).

### I. FILING FEE

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. No. 2, 3), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Montgomery County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate

2

trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a Motion for Temporary Restraining Order ("TRO") (Doc. No. 7). In his Motion for TRO, Plaintiff asks the Court to transfer him to the Robertson County Detention Center. (*Id*. at 1).

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint" and a proposed order. Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Plaintiff's TRO motion cannot be considered as is. Plaintiff did not submit a supporting memorandum of law. In addition, Plaintiff has not submitted an affidavit, a verified complaint, or a proposed order. Plaintiff also has not explained in writing what efforts he made to give notice of the TRO motion to Defendants or why notice should not be required. Even though Plaintiff is proceeding pro se, he must follow the procedural rules for a TRO motion. Accordingly, the Court will deny Plaintiff's request for a TRO without prejudice.

### III. CONCLUSION

For the reasons explained above, Plaintiff's Motion for Temporary Restraining Order (Doc. No. 7) is **DENIED WITHOUT PREJUDICE**.

In due time, the Court will conduct the screening of Plaintiff's Complaint required by the Prison Litigation Reform Act ("PLRA"), at which time the Court will consider whether any portion of Plaintiff's Complaint fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff's allegations will be assumed true for purposes of the required PLRA screening. No action is required of Plaintiff at this time.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

4